IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ANN E. HATCH
N179 Van Handel Drive
Appleton, WI 54915

    Plaintiff,

    vs.                         Case No. 16-cv-802

BRILLION SCHOOL DISTRICT       JURY TRIAL DEMANDED
315 South Main Street
Brillion, WI 54110

    Defendant.

## COMPLAINT

The Plaintiff, by her attorneys, Hawks Quindel, S.C., by Nicholas E. Fairweather, seeks redress from Defendant for committing discriminatory acts against her on the basis of her sex and age and retaliating against her based on her protected conduct under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA").

Plaintiff, for her Complaint against Defendant, requests monetary damages and other appropriate relief for her injuries. Plaintiff states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

2. Venue is appropriate in the Eastern District of Wisconsin under 42 U.S.C. § 2000e-5(f)(3) because the alleged unlawful employment practices occurred in this State.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. On March 31, 2016, upon Plaintiff's request, the EEOC issued a Notice of Right to Sue and this action is brought within 90 days after her receipt of said Notice. A true and correct copy of the Right to Sue Letter is attached hereto as Exhibit A.

## PARTIES

4. The Plaintiff, Ann E. Hatch ("Hatch"), is an adult resident of the State of Wisconsin. She was an adult resident of the State of Wisconsin at all times relevant to this Complaint.

5. The Defendant, Brillion School District ("Brillion") is a Wisconsin school district organized and operated under chapter 118 of the Wisconsin Statutes.

6. Brillion is an "employer" within the definition of the Title VII, and the ADEA.

## FACTUAL ALLEGATIONS

7. Hatch began working for the Brillion School District in 1987 as a school psychologist and special education coordinator. She became principal in 2006.

8. Beginning in 2008, Hatch was subjected to discrimination and retaliation by the District. Hatch was paid a lower salary than other administrators

2

outside of her protected classes; she was required to work under more onerous terms and conditions than other administrators outside of her protected classes.

9. Since 2005, Dominick Madison ("Dr. Madison") has been employed by Defendant as its Superintendent or, "school district administrator," pursuant to Wis. Stat. § 118.24.

10. During fits of anger, Dr. Madison referred to Hatch as "stupid," and "pathetic." On several occasions, Hatch's colleagues commented to her about Dr. Madison's abusive and hostile treatment of her.

11. Despite several complaints made to the Defendant about Dr. Madison's conduct toward Hatch and other female employees in the District, the Defendant failed and refused to take any disciplinary action against Dr. Madison, thereby endorsing his behavior and treatment of District employees, including Hatch.

12. On or about September 1, 2011, Defendant's Board of Education received a packet of information detailing Dr. Madison's hostile and discriminatory treatment of Hatch. The packet included a timeline of events, copies of emails and text messages, a performance evaluation of Hatch by Madison and a "mid-year review" dated July 1, 2011.

13. Hatch requested that the Board of Education take action to stop Dr. Madison's hostile treatment of her. The Board denied Hatch's request in its entirety, thereby again endorsing Dr. Madison's conduct.

14. In October, 2011, Dr. Madison spoke at a Brillion Chamber of Commerce dinner and stated that "we can no longer have menopausal women in a

classroom with the door closed with pubescent males." This comment is direct evidence of discriminatory animus against older female school district employees and is consistent with his treatment of Hatch.

15. In January, 2012, Dr. Madison completed a performance evaluation of Hatch that resulted in a non-renewal of her administrator contract. The January, 2012 evaluation consisted of unsubstantiated claims and unattainable goals. The goals were significantly more demanding than those given to the two other principals, one of whom is male and the other is substantially younger than Hatch.

16. Following the January, 2012 evaluation, Dr. Madison refused to invite Hatch to meetings that had a significant impact on the goals issued in the performance evaluation. Dr. Madison removed Hatch's ability to hire staff, requiring the elementary school principal to sit in on interviews and granting that principal hiring authority that was previously held by Hatch.

17. Hatch received a notice of non-renewal of her contract on May 18, 2012.

18. Hatch requested a School Board review of the non-renewal pursuant to her rights under Wis. Stat. § 118.24(7).

19. The School Board upheld the non-renewal decision and Hatch's contract was terminated effective June 30, 2013.

### FIRST CAUSE OF ACTION: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e, et. seq.

Hatch re-alleges and re-incorporates paragraphs one (1) through nineteen (19) as if set forth fully herein.

4

20. By subjecting Hatch to Dr. Madison's harassing and discriminatory conduct, based on Hatch's sex, and allowing it to continue unabated through the termination of Hatch's employment, the Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

21. By terminating Hatch's school principal contract based on alleged performance deficiencies that were, in fact, manufactured by Dr. Madison as part of his campaign of discrimination, harassment, and intimidation all based on Hatch's sex, the District, through its Board of Education, violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

## SECOND CAUSE OF ACTION: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e, et. seq.

Plaintiff re-alleges and re-incorporates paragraphs one (1) through twenty-one (21) as if set forth fully herein.

22. The District's Board of Education, through its duly authorized agents, retaliated against Hatch because of her opposition to unlawful employment practices as fully described above.

## THIRD CAUSE OF ACTION: VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621, et seq.

Plaintiff re-alleges and re-incorporates paragraphs one (1) through twenty-two (22) as if set forth fully herein.

23. By subjecting Hatch to Dr. Madison's harassing and discriminatory conduct, based on Hatch's age, and allowing it to continue unabated through the

5

termination of Hatch's employment, the Defendant violated the Age Discrimination in Employment Act, 26 U.S.C. § 621, et seq.

### FOURTH CAUSE OF ACTION: RETALIATION IN VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621, ET SEQ.

Plaintiff re-alleges and re-incorporates paragraphs one (1) through twenty-three (23) as if set forth fully herein.

24. The District's Board of Education, through its duly authorized agents, retaliated against Hatch because of her opposition to unlawful employment practices as fully described above.

WHEREFORE, Plaintiff demands Judgment against Defendant, awarding her:

A. Reinstatement, back pay and all other compensation, including benefits;

B. Compensatory damages for past and future pecuniary losses resulting from the unlawful employment practices, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation;

C. Punitive damages for Defendant's malicious and reckless conduct described above;

D. Liquidated damages pursuant to 29 U.S.C. §2617(a)(1)(A)(iii);

E. Pre- and post-judgment interest;

F. An award of Plaintiff's reasonable attorneys' fees, reasonable expert fees, and costs incurred in this action; and

G. Such other relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff respectfully requests that this matter be tried before a jury of six competent persons.

Dated this 24th day of June, 2016.

>HAWKS QUINDEL, S.C.
>*Attorneys for the Plaintiff, Ann E. Hatch*
>
>By: */s/ Nicholas E. Fairweather*
>Nicholas E. Fairweather
>State Bar No. 1036681
>Email: nfairweather@hq-law.com
>222 West Washington Avenue, Suite 450
>Post Office Box 2155
>Madison, Wisconsin 53701-2155
>Telephone: (608) 257-0040
>Facsimile: (608) 256-0236

7