# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

ANN E. HATCH,

        Plaintiff,                  Case No.: 16-cv-802

    v.

BRILLION SCHOOL DISTRICT,

        Defendant.

## PLAINTIFF'S RESPONSES TO DEFENDANT'S
## FIRST SET OF DISCOVERY REQUESTS

TO:    Brillion School District
       c/o Attorneys John A. Haase and Amber C. Coisman
       Godfrey & Kahn, S.C.
       200 South Washington Street, Suite 100
       Green Bay, WI 54301-4298

### GENERAL AND CONTINUING OBJECTIONS

1.    Plaintiff objects to the extent that the Interrogatories and/or Requests for Admission and Production of Documents seek disclosure of anything within the scope of the attorney-client privilege, work product doctrine, or any other privilege or limitation on discovery recognized by law. In the event any privileged information is disclosed by Plaintiff in connection with these responses, such disclosure is inadvertent, unknowing, and does not constitute a waiver of such privilege.

2.    Plaintiff objects to the extent that these Interrogatories and/or Requests for Admission and Production of Documents seek information or

EXHIBIT
C

documents that are irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

3.    Plaintiff objects to the extent that these Interrogatories and/or Requests for Admission and Production of Documents are overly broad, unduly burdensome, or appear to be proffered merely for the purpose of annoyance, harassment or to cause undue burden and expense.

4.    Plaintiff objects to any conditions, instructions, statements, terms, definitions, or requirements contained in Defendant's discovery that seek to modify the obligations set forth by federal law. All such conditions, instructions, statements, terms, definitions, or requirements are not accepted and have been disregarded.

5.    Plaintiff's responses contained herein are based upon the information available to Plaintiff as of the date these responses are signed by counsel. Plaintiff reserves the right to supplement or amend these responses to the full extent allowed by law, and as required by Fed. R. Civ. P. 26(e).

6.    Plaintiff objects to the use of "all," "every," "each," "any," and similar terms as overly broad and unduly burdensome. Plaintiff will make a reasonable search of the information and documents available to her for responsive, non-privileged information and documents.

7.    Plaintiff objects to the extent that any requests require knowledge that Plaintiff does not possess.

2

8.      The above-stated objections are general and continuing in nature. They are incorporated into each response below, as if fully stated therein. The general and continuing objections shall be construed alongside and in addition to any specific objections stated below.

Subject to the forgoing General and Continuing Objections and without waiver of same, Plaintiff responds to Defendant's First Set of Discovery Requests as follows:

### REQUEST FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1.**  Admit that the document attached hereto as Exhibit A is a true and correct copy of the School District's Harassment and Complaint Policies.

**RESPONSE:** Deny. The document marked as Exhibit A is a true and correct copy of the School District's Harassment and Complaint Policies effective August 15, 2011. The District's Harassment and Complaint policies prior to August 15, 2011 were different. Please see documents Bates-stamped AH000087-AH000090.

**REQUEST FOR ADMISSION NO. 2.**  Admit that you were hired by the School District as a part-time Middle School Principal in 2006.

**RESPONSE:** Deny. The position of Middle School Principal was added to Plaintiff's already full-time administrative contract in 2006. Plaintiff's position as principal was not part-time.

**REQUEST FOR ADMISSION NO. 3.** Admit that you retained some of your duties and responsibilities as a school psychologist when you assumed the position

3

of Middle School Principal in 2006.

RESPONSE: Deny. Plaintiff retained *all* of her duties and responsibilities as school psychologist when she assumed the position of Middle School Principal in 2006. Further, Plaintiff was the only certified and acting school psychologist on staff.

**REQUEST FOR ADMISSION NO. 4.** Admit that you retained some of your duties and responsibilities as a special education coordinator when you assumed the position of Middle School Principal in 2006.

RESPONSE: Admit. Plaintiff retained many of her duties and responsibilities as a special education coordinator when she assumed the position of Middle School Principal in 2006.

**REQUEST FOR ADMISSION NO. 5.** Admit that you did not have any prior school administration experience when you assumed the position of Middle School Principal in 2006.

RESPONSE: Deny. Plaintiff had been an administrator in the Brillion School District since 1987. She was on the administrative team, had administrative contract(s) and many administrator responsibilities. She served as the acting principal on two (2) separate occasions when then principals Ken Keenlance and Jerry Novak resigned mid school year. She was also the summer school principal for at-risk students at the High School for approximately five (5) years. Please see documents Bates-stamped AH000091-AH000096.

4

**REQUEST FOR ADMISSION NO. 6.**  Admit that Madison met with you to review your Administration Evaluation Mid-Year Review.

**RESPONSE:**  Admit.

**REQUEST FOR ADMISSION NO. 7.**  Admit that by the end of 2011, you did not meet two of your three goals for the year.

**RESPONSE:**  Deny. Goals #1 and #2 had multiple subparts; evidence of completion of a goal "may include" completion of the subparts. Regarding 2011 Goal #1 (To develop practices and programs that promote diminishing separate buildings and subject matter); Plaintiff implemented a literacy block in 6th and 7th grades, and implementation in 8th grade was impossible due to the requirements of the high school, there being only 2.5 teachers for 8th grade, and the fact that the .5 teacher was shared with the high school and not certified to teach any literacy classes; Plaintiff made substantial efforts to "plan[sic] for" and "develop" MAC classrooms including visiting the Martin School in Green Bay on April 14, 2011, and after Madison noted that this was a 4-5 MAC and that he wanted Plaintiff to visit a 5-6 MAC, she did so. Regarding 2011 Goal #2 (to work with the elementary principal to have RTI (Response to Intervention) implemented in grades 1-8); Plaintiff worked with the elementary principal (who was on maternity leave for 3 months of that academic year) and the RTI consultant to develop RTI implementation in grades 1-8. Specifically, a 3-year implementation plan was developed, a screening and progress monitoring tool was purchased and put into place, benchmarking began, training took place on several occasions for teachers on RTI and their roles in RTI

5

process in both the elementary and middle schools, interventionists were established (elementary – Sue Brandes, Mark Rajkovich, Lucy Hartenbach; middle school – Jerry Bronson and Wendy Walters), an intervention period was established within the school day, students were provided those interventions in reading and math, LD referrals decreased, the TOSA (teacher on special assignment) worked directly, on a regular basis with regular education teachers (K-8), during weekly planning meetings to coach them on how to best meet the needs of their struggling students identified on the progress monitoring as directed for legal compliance, Plaintiff pursued obtaining an established viable literacy curriculum in the middle school but was denied (elementary school principal was later able to obtain); a systematic data collection process was implemented (Aims Web was used to do weekly probes for students to determine progress in Tier 2 and 3 interventions and to Benchmark all students 3 times a year). Regarding Goal #3 (completion of assessment procedures in middle school); the middle school teachers were given an In-service training on March 8, 2011 regarding assessment procedures and using BYOC (build your own curriculum) software and all middle school teachers completed assessment procedures. Please see documents Bates-stamped AH000027-AH000028, AH000098-AH000102 and AH000105-AH000106.

**REQUEST FOR ADMISSION NO. 8.** Admit that your 2012 goals were the same as your 2011 goals.

**RESPONSE:** Deny. Plaintiff admits that two (2) of the three (3) goals assigned to her by Madison in 2012 were the same as those assigned in 2011.

6

Plaintiff denies that the goals she created for herself in 2012 were the same as her 2011 goals. Plaintiff further notes that the third goal assigned by Madison in 2011 and the third goal assigned by Madison in 2012 were different. Please see documents Bates-stamped AH000064-AH000067 and AH000143-AH000145.

**REQUEST FOR ADMISSION NO. 9.** Admit that the document attached hereto as Exhibit B is a true and correct copy of the letter sent by your prior attorney, Terry Kilroy, dated August 30, 2011, to Brian Horn, the School Board President.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 10.** Admit that the August 30, 2011 letter from Attorney Kilroy states that Madison retaliated against you in violation of your First Amendment right to free speech.

**RESPONSE:** Objection. The document referenced in Request for Admission No. 10 is a compromise offer and is, therefore, inadmissible as evidence pursuant to the limitations set forth in Fed. R. Evid. 408. Subject to and without waiving any general or specific objections, Plaintiff responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 11.** Admit that the August 30, 2011 letter from Attorney Kilroy makes no mention of any alleged discriminatory or retaliatory conduct by Madison as a result of your age or sex.

**RESPONSE:** Objection. The document referenced in Request for Admission No. 11 is a compromise offer and is, therefore, inadmissible as evidence pursuant to the limitations set forth in Fed. R. Evid. 408. Subject to and without waiving any

general or specific objections, Plaintiff responds as follows: Admit.

REQUEST FOR ADMISSION NO. 12. Admit that you refused to cooperate and work with Madison to meet your goals for 2011 and 2012.

RESPONSE: Deny. Madison told Plaintiff that they would meet several times during the school year to review her progress. Plaintiff was agreeable this, however, no meetings took place until Plaintiff's January review. No discussions were held about Plaintiff's goals between the July 11, 2011 and January 25, 2012 reviews.

REQUEST FOR ADMISSION NO. 13. Admit that Madison did not make any comments to you about your gender or age during your employment as Middle School Principal.

RESPONSE: Deny. Madison made multiple statements to Plaintiff about her gender and/or age, including: that he believed it was unusual for a woman to be coaching a boys' varsity sport and implying that Plaintiff should be honored to be allowed to coach boys golf; and if Plaintiff made a mistake or couldn't recall something, Madison would frequently comment that the reason was that Plaintiff was menopausal or old or because of a "lack of estrogen in her head."

REQUEST FOR ADMISSION NO. 14. Admit that you never advised the School District during your employment there that you were required to work more hours than other administrators.

RESPONSE: Deny. Plaintiff advised Madison on numerous occasions. Madison told Plaintiff to quit complaining, that he was tired of hearing about it.

8

Plaintiff also recalls Brian Horn during a board meeting referencing "a double whammy" in terms of Plaintiff's work-load – referencing the fact that Plaintiff maintained almost all of her prior duties when she accepted the middle school principal position.

**REQUEST FOR ADMISSION NO. 15.** Admit that you never advised the School District during your employment there that you were prohibited from using district vehicles for school-related use by Madison.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 16.** Admit that you never advised the School District during your employment there that you were assigned a substantially greater number of policies than other administrators to review and revise between 2005 and 2007.

**RESPONSE:** Deny. Plaintiff advised Madison, who provided no remedy.

**REQUEST FOR ADMISSION NO. 17.** Admit that your responsibilities as golf coach were reduced in 2010.

**RESPONSE:** Deny. Plaintiff was the Head Coach from 1997 through 2011, when Madison eliminated her coaching duties. Upon Plaintiff's request, an assistant coach was brought on after she became the middle school principal in the spring of 2007. For the following year, the spring 2008 season, Plaintiff agreed to reduce her contract so that her assistant coach could be paid more. Please see documents Bates-stamped AH000127-AH000129.

9

**REQUEST FOR ADMISSION NO. 18.** Admit that you voluntarily resigned from your employment with the School District to take a job within the Neenah School District.

**RESPONSE:** Admit. Plaintiff's resignation came after nearly two (2) months of complete prohibition from doing any work for the District or reporting to work at the District. Plaintiff received her Final Notice of Nonrenewal of her contract on June 27, 2012. That same day, Madison instructed Plaintiff to "not report to work prior to August 13th." A month later, on July 26, 2012, Madison reiterated that Plaintiff was not to report to the District for work "at this time" and that "[t]his will continue until further notice from the Board." In this context, after being prohibited from preparing for the coming school year, Plaintiff resigned. The subject line of Plaintiff's August 23, 2012 letter of resignation is, "Constructive Termination of Services." Please see document Bates-stamped AH000135.

## INTERROGATORIES

**INTERROGATORY NO. 1.** If your answer to any of the foregoing Requests for Admission is anything other than an unqualified admission, state every fact and identify every document which you contend supports your response. Include in your answer the identity of all persons who have personal knowledge of the facts upon which you rely for your response as well as the facts known by each such person.

**RESPONSE:** Plaintiff objects to this interrogatory on the grounds that it requests information that Plaintiff does not have personal knowledge of. Subject to and without waiving any general or specific objections, please see Plaintiff's

10

Responses to Request for Admissions. To the extent Plaintiff is able to do so, she has identified individuals with personal knowledge of the relevant facts upon which she bases her responses.

**INTERROGATORY NO. 2.** Identify each person likely to have discoverable knowledge or information related to the allegations in your Complaint. In your answer, provide a brief summary of the knowledge or information each person knows or possesses.

**RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and is not calculated to lead to the discovery of admissible evidence. Subject to and without waiving any general or specific objections, Dominick Madison, Renee Maeder, Brian Horn, Steve Klessig, Paul Nistler, Pete Kittel, Donna Haese, Marge Bauknecht, Deb Phipps, Ben Bastian, Brian Starzak, Dana Irish, Tiffanie Grodevant (Nigbor), Cathy Prozanski, Shannon Schindel (Hobbs), Deborah Boettcher, Dr. Nissan Bar-Lev, Deb Koerth, Kelly Heinke, Denise Hasbargen, Paula Kalies, Gordy Gasch, Victoria L. Holt, Kim Madison and Dr. Nancy Vandeput may have knowledge or information related to the allegations in Plaintiff's Complaint. Plaintiff's co-workers in the district may have discoverable information regarding Madison's discriminatory treatment toward older female employees regarding requesting time off and vacation, Madison's preferential treatment toward requests for time off and vacation from younger employees, Madison's disparaging comments toward women including library aid Coree Wallender and his ex-wife Kim Madison, distinct instances when

11

Madison yelled, used profanity, or otherwise acted or communicated inappropriately in a work setting, and Madison's erratic behavior generally. Prozanski, Grodevant, and Nistler have personal knowledge of their salary information and duties in comparison to Hatch. School board members may have discoverable knowledge or information regarding Plaintiff's complaint about Madison in late June 2011 and the subsequent investigation.

**INTERROGATORY NO. 3.** State every fact and identify every document that you contend supports your claim that the School District discriminated against you due to your age.

**RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Discovery is ongoing. Subject to and without waiving any general or specific objections, Plaintiff identifies her contract/salary in comparison to Tiffanie Nigbor and Cathy Prozanski; employment contracts for all District principals, school psychologists, and special education coordinators between 2005 and the present; the email exchange between Madison and Plaintiff regarding the latter's request for time off; any documentation regarding use of the school vehicle between 2006-present, if existing; and any documentation relating to Madison's offer to restructure Prozanski's contract in 2012, if existing. Additionally, please see Plaintiff's Amended Complaint and documents Bates-stamped AH000001-AH000003, AH000035.

12

INTERROGATORY NO. 4. State every fact and identify every document that you contend supports your claim that the School District discriminated against you due to your sex.

RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Discovery is ongoing. Subject to and without waiving any general or specific objections, Plaintiff identifies her and Paul Nistler's employment contracts; any records regarding use of the school vehicle, if existing; the email exchange between Madison and Plaintiff regarding the latter's request for time off; and employment contracts for all District principals, school psychologists, and special education coordinators between 2005 and the present. Additionally, please see Plaintiff's Amended Complaint and document Bates-stamped AH000035.

INTERROGATORY NO. 5. State every fact and identify every document that you contend supports your claim that the School District, including Madison, retaliated against you for complaining about Madison's conduct.

RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Discovery is ongoing. Subject to and without waiving any general or specific objections, Plaintiff identifies text messages and email communications between Madison and Plaintiff sent in 2011; the 3-year contract offered to Plaintiff in April 2011 that was subsequently rescinded due to state law; Plaintiff's positive evaluations prior to July 2011; Madison's July 2011 evaluation of Plaintiff; and Madison's January 2012 evaluation of Plaintiff. Additionally, please see Plaintiff's Amended Complaint and documents Bates-

13

stamped AH000004-AH000006, AH000025, AH000036-AH000039, AH000064-AH000067 and AH000143-AH000145.

**INTERROGATORY NO. 6.** Identify each and every instance that you informed any School District employee, agent or representative that you believed you were treated differently because of your age or sex or that you were retaliated against for complaining about Madison.

**RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Discovery is ongoing. Subject to and without waiving any general or specific objections, Plaintiff identifies multiple conversations with Tiffanie Nigbor, Cathy Prozanski, and Paul Nistler following meetings with Madison; discussions with Renee Maeder on June 8, 2011 and June 29, 2011; multiple conversations with Deborah Boettcher between 2010 and 2012; conversations with Shannon Hobbs in 2012; multiple conversations with Brian Starzak during Plaintiff's tenure as principal. Additionally, please see Plaintiff's Amended Complaint.

**INTERROGATORY NO. 7.** Identify each and every instance that any School District employee, agent or representative informed you that he/she believed you were treated differently because of your age or sex or that you were retaliated against for complaining about Madison.

**RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Discovery is ongoing. Subject to and without waiving any general or specific objections, Plaintiff responds that the vast majority

14

of the District staff and many parents of District students indicated their beliefs that Plaintiff was being retaliated against due to her complaint about Madison to the school board and/or because of her protected characteristics. The individuals and instances are too numerous to name.

INTERROGATORY NO. 8. Identify each and every instance that any School District employee, agent or representative informed you there were complaints, other than yours, about Madison's behavior. For each instance identified, please also identify the person informing you, the time and place of the communication and describe [sic].

RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Discovery is ongoing. Subject to and without waiving any general or specific objections, the following School District employees informed Plaintiff that there were complaints, other than hers, about Madison's behavior: Sally White, Coree Wallander, Kerri Shimek, Renee Maeder, Deb Koerth, Cathy Prozanski, Tiffany Nigbor, Deb Boettcher, Karen Broeckert, Brenda Bastian, Margie Bauknecht, Deb Phipps, Cheryl Kittel, Peter Kittel, Steve Meyer, Lucy Hartenbach, Dana Irish, Glenda Luebke, Ben Bastian, Donna Haese, Kathy Mielke, Al Wagner, Colleen Hubley-Kedinger, Brian Starzak, Gordy Gasch and Dr. Nissan Bar-Lev.

15

**INTERROGATORY NO. 9.** Identify each and every instance that any School District employee, agent or representative informed you that they disapproved of Madison's behavior towards or treatment of you.

**RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Discovery is ongoing. Subject to and without waiving any general or specific objections, the following School District employees informed Plaintiff that they disapproved of Madison's behavior towards or treatment of her: Cathy Prozanski, Tiffany Nigbor, Paul Nistler, Shannon Hobbs, Dana Irish, Renee Maeder, Deb Boettcher, Ben Bastian, Donna Haese, Peter Kittel, Glenda Luebke, Brian Starzak, Amy Brey, Lucy Hartenbach and Dr. Nissan Bar-Lev.

**INTERROGATORY NO. 10.** Identify each witness (lay or expert) you expect to testify at hearing or who may otherwise provide testimony on your behalf (whether by deposition, affidavit or otherwise).

**RESPONSE:** Please see Plaintiff's Amended Rule 26(a) Initial Disclosures dated November 2, 2016 and refer to 26(f) report and Plaintiff's expert witness disclosure and written report dated March 1, 2017. Additionally, Plaintiff identifies Shannon Schindel (Hobbs), and Deborah Boettcher.

**INTERROGATORY NO. 11.** Identify each exhibit, item, material, document or thing you intend to introduce into evidence as an exhibit at the hearing in this lawsuit.

16

RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Discovery is ongoing. Subject to and without waiving any general or specific objections, please see documents Bates-stamped AH000001-AH000237.

INTERROGATORY NO. 12. Identify and describe all damages you are claiming in this matter, including a total amount and an itemization of all parts or categories thereof.

RESPONSE: Please see, Plaintiff's Fed. R. Civ. P. 26(a)(1)(A)(iii) disclosures, as amended, served on counsel for Defendant November 2, 2016.

INTERROGATORY NO. 13. Other than this lawsuit, identify each and every lawsuit, claim, case, EEOC charge, ERD claim or other legal proceeding to which you have been a party, and for each provide; (a) the caption of the lawsuit, claim, case or other legal proceeding; and (b) the disposition of said lawsuit, claim, case or other legal proceeding.

RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any general or specific objections, other that the instant action and the corresponding Equal Rights Division case(s), Plaintiff has not been a party to any other lawsuits, claims, cases or legal proceedings.

17

**INTERROGATORY NO. 14.** Identify each and every job you have held since June 30, 2013. For each job identified, provide: (a) the employer's name and address; (b) the title of the job; (c) your date of hire; (d) your salary or rate of pay; (e) the date of termination or resignation, if any; and (f) the reason for your termination or resignation.

**RESPONSE:** Plaintiff responds as follows:

a.   Neenah Joint School District,
     410 South Commercial Avenue
     Neenah, WI 54956;

b.   School Psychologist;

c.   August 27, 2012;

d.   $74,475.26 (2016-2017);

e.   Not applicable; and

f.   Not applicable.

**INTERROGATORY NO. 15.** Identify each and every job you have applied for since June 30, 2013. For each job identified, provide: (a) the employer's name and address; (b) the title of the job(s) applied for; (c) the staring salary or pay rate; and (d) the status of the application as of today's date.

**RESPONSE:** Plaintiff has not applied for any jobs since June 30, 2013.

**INTERROGATORY NO. 16.** Identify each and every act or omission by the School District that you contend demonstrates that the School District discriminated against you on the basis of your age or sex or in retaliation for your alleged protected activity.

18

RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving any general or specific objections, please see Plaintiff's Amended Complaint.

INTERROGATORY NO. 17. Identify each and every comment made by any employee, agent or representative of the School District regarding your age or sex.

RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving any general or specific objections, please see Plaintiff's Amended Complaint.

INTERROGATORY NO. 18. State every fact and identify every document that you contend supports your claim that you were paid less than other administrators because of your sex or gender.

RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving any general or specific objections, Plaintiff identifies the employment contracts of all elementary, middle, and high school principals from 2005-2013. Additionally, please see Documents Bates Stamped AH000001-AH000003 and Plaintiff's Amended Complaint.

INTERROGATORY NO. 19. State every fact and identify every document that you contend supports your claim that you were subjected to more burdensome performance goals in 2011 and 2012 than other principals in the School District.

RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving any general

19

or specific objections, Plaintiff identifies the annual goal setting documentation and all evaluations of all elementary, middle, and high school principals from 2011-2012. Plaintiff further alleges the fact that she was the only administrator subject to a mid-year evaluation in July 2011, the only time in all her years working for the District. Additionally, please see Plaintiff's Amended Complaint.

**INTERROGATORY NO. 20.** State every fact and identify every document that you contend supports your claim that the School District did not renew your contract because of your sex or gender or in retaliation for your complaint about Madison.

**RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving any general or specific objections, please see Plaintiff's Amended Complaint.

**INTERROGATORY NO. 21.** Identify each and every comment made by any School Board member who allegedly told you Madison was trying to fire you.

**RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving any general or specific objections, Renee Maeder indicated to Plaintiff that she was aware that Madison was going to fire her in early January 2012. This marked a change from mid-late July 2011, at which time Maeder told Plaintiff that Madison was just angry and everything would "blow over."

20

**INTERROGATORY NO. 22.** State every fact and identify every document that you contend supports your claim that you had twenty-four (24) years of administrative experience with the School District.

**RESPONSE:** Plaintiff worked continuously for the Brillion School District from August 1987 until August 2012. She was hired as a school psychologist and special education coordinator, and been on the administrative team with an administrative contract her entire tenure at Brillion. She was never on a teacher contract or a member of the union.

**INTERROGATORY NO. 23.** State every fact and identify every document that you contend supports your claim that you suffered severe emotional distress and anxiety due to Madison's treatment of you.

**RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving any general or specific objections, Plaintiff identifies the incident in March 2012 when Madison yelled at her in her office; her many successful years coaching the golf team and Madison's abrupt termination of Plaintiff's coaching duties for the first season following her complaint to the board; loss of sleep; acute nervousness resulting in Plaintiff having to stop on her drive to work to use the bathroom; high blood pressure; and teeth-grinding resulting from stress and anxiety.

### REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1.** Produce all documents identified in your answers to, or that are otherwise related to the subjects of, the preceding

21

Requests for Admission and Interrogatories. Please indicate in your production to which Request for Admission or Interrogatory each document relates.

**RESPONSE:** Please see Plaintiff's responses to Requests for Admissions and Interrogatories above.

**REQUEST FOR PRODUCTION NO. 2.** Produce all documents that in any way relate to your claims in the lawsuit.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad, and unduly burdensome. Subject to and without waiving any general or specific objections, please see documents Bates-stamped AH000001-AH000237.

**REQUEST FOR PRODUCTION NO. 3.** Produce every opinion, report, data, calculation, exhibit or other information, document or thing, prepared, considered, relied on or produced by an expert whose testimony you intend to introduce at the hearing in this lawsuit.

**RESPONSE:** Please see Plaintiff's expert witness disclosure and written report produced on March 1, 2017.

**REQUEST FOR PRODUCTION NO. 4.** Produce the resume of any expert whose testimony you intend to introduce at the hearing in this lawsuit, including a list of any other cases in which the expert has testified at trial, hearing or by deposition.

**RESPONSE:** Please see Plaintiff's expert witness disclosure and written report produced on March 1, 2017.

22

**REQUEST FOR PRODUCTION NO. 5.** Produce all documents that evidence, reflect or relate to the damages you are seeking in this lawsuit, including, without limitation, an itemization of damages.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad, and unduly burdensome. Subject to and without waiving any general or specific objections, please see documents Bates-stamped AH000001-AH000003 and AH000007-AH000019.

**REQUEST FOR PRODUCTION NO. 6.** Produce all documents, including medical records, that evidence, reflect or relate to your claim that you suffered severe emotional distress and anxiety as a result of Madison's treatment of you.

**RESPONSE:** Plaintiff is unable to produce documents responsive to this request at this time.

**REQUEST FOR PRODUCTION NO. 7.** Produce all documents that you contend support your claim that the School District discriminated against you due to your age or sex.

**RESPONSE:** Please see documents Bates-stamped AH000001-AH000237.

**REQUEST FOR PRODUCTION NO. 8.** Produce all documents that you contend support your claim that the School District made you perform more burdensome tasks due to your age and sex.

**RESPONSE:** Plaintiff is unable to produce documents responsive to this request at this time.

23

REQUEST FOR PRODUCTION NO. 9. Produce all documents that you contend support your claim that the School District paid you less than other administrators due to your age and sex.

RESPONSE: Plaintiff is unable to produce documents responsive to this request at this time.

REQUEST FOR PRODUCTION NO. 10. Produce all documents that you contend support your claim that the School District retaliated against you due to your complaint about Madison's conduct.

RESPONSE: Please see documents Bates-stamped AH000001-AH000237.

REQUEST FOR PRODUCTION NO. 11. Produce any documents reflecting or evidencing any income you have received from any source (including without limitation, employment, unemployment, and/or social security or other disability benefits) since June 30, 2013.

RESPONSE: Please see documents Bates-stamped AH000007-AH000019 and AH000193-AH000237.

REQUEST FOR PRODUCTION NO. 12. Produce any documents that constitute, reflect or in any way relate to communications you had with the School District between August 2008 and the present date.

RESPONSE: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and involves information already in Defendant's possession. Without waiving any general or specific objections, please see documents Bates-stamped AH000022-AH000023, AH000026, AH000035,

24

AH000072, AH000098, AH000108-AH000018, AH000131, AH000137, AH000139, AH000150-AH000153, AH000158 and AH000162-AH000164.

**REQUEST FOR PRODUCTION NO. 13.** Produce any documents that constitute, reflect or in any way relate to communications you had with any third-party between August 2008 and the present date regarding the allegations contained in the Complaint.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and involves information already in Defendant's possession. Without waiving any general or specific objections, please see documents Bates-stamped AH000150-AH000151 and AH000161.

**REQUEST FOR PRODUCTION NO. 14.** Produce copies of any and all statements taken from any parties or witnesses who have knowledge, or claim to have knowledge, of the facts or circumstances involved in the lawsuit.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad and unduly burdensome. Discovery is ongoing. Subject to and without waiving any general or specific objections, Plaintiff is unable to produce documents responsive to this request at this time.

AS TO ANSWERS TO INTERROGATORIES:

_Ann E. Hatch_
Ann E. Hatch

Subscribed and sworn to before me
This _16th_ of March, 2017.

_Diane Haug_
Notary Public, State of Wisconsin
My Commission Expires: _Dec. 1, 2017_

AS TO OBJECTIONS AND REQUESTS FOR PRODUCTION OF DOCUMENTS

**HAWKS QUINDEL, S.C.**
*Attorneys for the Plaintiff, Ann E. Hatch*

By: _____
Nicholas E. Fairweather, State Bar No. 1036681
E-mail: nfairweather@hq-law.com
222 West Washington Avenue, Suite 450
P.O. Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Fax: (608) 256-0236

26